(a)    No amendment of any provision of this Agreement or any other Loan Document (including a waiver thereof or consent relating thereto) shall be effective unless the same shall be in writing and signed or consented to by the Borrower and the Lender.

(b)    Any waiver or consent shall be effective only in the specific instance and for the specific purpose for which given.  No notice to or demand on the Borrower in any case shall entitle the Borrower to any other or further notice or demand in similar or other circumstances.

**SECTION 9.6    Cumulative Remedies; Failure or Delay.**  The rights and remedies provided for under this Agreement are cumulative and are not exclusive of any rights and remedies that may be available to the Lender under Applicable Law or otherwise.  No failure or delay on the part of the Lender in the exercise of any power, right or remedy under the Loan Documents shall impair such power, right or remedy or operate as a waiver thereof, nor shall any single or partial exercise of any such power, right or remedy preclude other or further exercise thereof or of any other power, right or remedy.

**SECTION 9.7    Notices, Etc.**  All notices and other communications under this Agreement shall be in writing and (except for financial statements, other related informational documents and routine communications, which may be sent by first-class mail, postage prepaid) shall be personally delivered or sent by prepaid courier, by overnight, registered or certified mail (postage prepaid), or by telecopy, and shall be deemed given when received by the intended recipient thereof.  Unless otherwise specified in a notice sent or delivered in accordance with this Section 9.7, all notices and other communications shall be given to the parties hereto at their respective addresses (or to the respective telecopier numbers) indicated below:

If to the Borrower, addressed to

 Life Asset Group, LLC
 601 Brickell Key Drive, Suite 511
 Miami Beach, Florida 33131
 Telephone: (305) 381-8113 (ext. 313)
 Facsimile: (305) 675-2964
 Attention:  Chief Executive Officer

with a copy to:
 Life Asset Group, LLC
 601 Brickell Key Drive, Suite 511
 Miami Beach, Florida 33131
 Telephone: (305) 381-8113 (ext. 314)
 Facsimile:  (305) 675-7797
 Attention:  Greg Roberts

If to the Lender, addressed to:

 InsCap Management, LLC
 230 Park Avenue, 21st Floor

NY 71391948

New York, New York 10169
Telephone: 212-973-7600
Facsimile: 212-973-0491
Attention: Bal Das

with a copy to:

Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, New York 10038
Telephone: 212-806-5400
Facsimile: 212-806-6006
Attention: Albert J. Pinzón, Esq.

**SECTION 9.8    Successors and Assigns.**

(a)    This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors and permitted assigns. The Borrower may not assign or transfer any interest hereunder without the prior written consent of the Lender.

(b)    The Lender shall have the right at any time to sell, assign, transfer or negotiate all or any part of its rights and obligations under the Loan Documents. In addition, the Lender shall have the right to grant participations in the Obligations at any time and from time to time to one or more other Persons. An assignee or participant shall have the rights of the Lender under Sections 2.7 and 9.12; provided that amounts payable to any participant shall not exceed the amounts that would have been payable under such Sections to the Lender, had such assignment not been made or participation not been granted, unless the assignment or participation is made with the prior written consent of the Borrower.

(c)    Subject to the provisions of Section 9.9, the Lender shall have the right at any time to furnish one or more potential assignees or participants with any information concerning the Borrower that has been supplied by the Borrower to the Lender. The Borrower shall supply all reasonably requested information and execute and deliver all such instruments and take all such further action (including, in the case of an assignment, the execution and delivery of a replacement Note or Notes) as the Lender may reasonably request in connection with any assignment or participation arrangement.

**SECTION 9.9    Confidentiality.** The Lender will use, and use its best efforts to ensure that its authorized representatives use, at least the same degree of care as the Lender uses to protect its own most confidential information to keep confidential and not to make use of any information provided to it by the Borrower which the Borrower identifies in writing as being confidential or proprietary at the time of disclosure, except for disclosure: (a) to legal counsel, accountants and other professional advisors to the Lender on a confidential basis; (b) to regulatory officials having jurisdiction over the Lender; (c) required by Applicable Law or in connection with any legal proceeding; (d) to another Person in connection with a potential assignment or participation, provided that such Person shall have agreed in writing to be subject

42

to this Section 9.7; (e) to prospective purchasers of Collateral after an Event of Default; and (f) of information that has been previously disclosed publicly without breach of this provision.

SECTION 9.10    GOVERNING LAW. THIS AGREEMENT SHALL BE CONSTRUED IN ACCORDANCE WITH, AND THIS AGREEMENT AND ALL CLAIMS AND CAUSES OF ACTION ARISING OUT OF THE TRANSACTIONS CONTEMPLATED HEREBY SHALL BE GOVERNED BY, THE LAWS OF THE STATE OF NEW YORK, WITHOUT REGARD TO CONFLICT OF LAW PRINCIPLES.

SECTION 9.11    Choice of Forum.

(a)    Pursuant to Section 5-1402 of the New York General Obligations Law, all actions or proceedings arising in connection with this Agreement and the other Loan Documents shall be tried and litigated in state or Federal courts located in the Borough of Manhattan, New York City, State of New York. THE BORROWER AND THE LENDER WAIVE ANY RIGHT EACH OF THEM MAY HAVE TO ASSERT THE DOCTRINE OF FORUM NON CONVENIENS, TO ASSERT THAT IT IS NOT SUBJECT TO THE JURISDICTION OF SUCH COURTS OR TO OBJECT TO VENUE TO THE EXTENT ANY PROCEEDING IS BROUGHT IN ACCORDANCE WITH THIS SECTION.

(b)    Nothing contained in this Section shall preclude the Lender from bringing any action or proceeding arising out of or relating to this Agreement or any Loan Document in the courts of any place where the Borrower or any of its assets may be found or located.

SECTION 9.12    Setoff. In addition to any rights now or hereafter granted under Applicable Law, during the existence of any Event of Default, the Lender is hereby irrevocably authorized by the Borrower, at any time or from time to time, without notice to the Borrower or to any other Person, any such notice being hereby expressly waived, to set off and to appropriate and to apply any and all deposits (general or special, including certificates of deposit, whether matured or unmatured, but not including trust accounts) and any other indebtedness, in each case whether direct or indirect or contingent or matured or unmatured at any time held or owing by the Lender to or for the credit or the account of the Borrower, against and on account of the obligations of the Borrower to the Lender under the Loan Documents, irrespective of whether or not the Lender shall have made any demand for payment and although such obligations may be contingent and unmatured.

SECTION 9.13    Headings. The Article and Section headings used in this Agreement are for convenience of reference only and shall not affect the construction hereof.

SECTION 9.14    Severability. If any provision of this Agreement shall be held to be invalid, illegal or unenforceable under Applicable Law in any jurisdiction, such provision shall be ineffective only to the extent of such invalidity, illegality or unenforceability, which shall not affect any other provisions hereof or the validity, legality or enforceability of such provision in any other jurisdiction.

SECTION 9.15    Survival of Agreements, Representations and Warranties. All agreements, representations and warranties made herein shall survive the execution and delivery of this Agreement, the closing and the extensions of credit hereunder and shall continue

43

NY 71391948

until payment and performance of any and all Obligations. Any investigation at any time made by or on behalf of the Lender shall not diminish the right of the Lender to rely thereon. Without limitation, the agreements and obligations of the Borrower contained in Section 2.7, Section 9.1 and Section 9.2 shall survive the payment in full of all other Obligations.

SECTION 9.16  Execution in Counterparts.  This Agreement may be executed in any number of counterparts, each of which counterparts, when so executed and delivered, shall be deemed to be an original and all of which counterparts, taken together, shall constitute but one and the same Agreement. Faxed signatures to this Agreement shall be binding for all purposes.

SECTION 9.17  Complete Agreement; Third Party Beneficiaries.  This Agreement, together with the other Loan Documents, is intended by the parties as the final expression of their agreement regarding the subject matter hereof and as a complete and exclusive statement of the terms and conditions of such agreement. There are no third party beneficiaries of this Agreement other than the Indemnitees.

SECTION 9.18  No Fiduciary Duties or Partnership; Limitation of Liability, Etc.

(a)  The relationship between the Borrower and the Lender is solely that of debtor and creditor, and the Lender does not have any fiduciary or other special relationship with the Borrower, and no term or condition of any of the Loan Documents shall be construed so as to deem the relationship between the Borrower and the Lender to be other than that of debtor and creditor. No joint venture or partnership is created by this Agreement or any other Loan Document between the Borrower and the Lender.

(b)  No claim shall be made by the Borrower against the Lender or the Affiliates, directors, officers, employees or agents of the Lender for any special, indirect, consequential or punitive damages in respect of any claim for breach of contract or under any other theory of liability arising out of or related to the transactions contemplated by this Agreement, or any act, omission or event occurring in connection therewith, and the Borrower waives, releases and agrees not to sue upon any claim for any such damages, whether or not accrued and whether or not known or suspected to exist in its favor.

SECTION 9.19  WAIVER OF TRIAL BY JURY. THE BORROWER AND THE LENDER WAIVE THE RIGHT TO A TRIAL BY JURY IN ANY ACTION UNDER THIS AGREEMENT OR ANY ACTION ARISING OUT OF THE TRANSACTIONS CONTEMPLATED HEREBY, REGARDLESS OF WHICH PARTY INITIATES SUCH ACTION OR ACTIONS.

[Remainder of page intentionally left blank.]

NY 71391948

**IN WITNESS WHEREOF**, the parties hereto have caused this Agreement to be executed and delivered as of the date first set forth above.

**LIFE ASSET GROUP, LLC,**
as a Borrower

By: _____
Name: _____Gary Brecka_____
Title: _____Chief Executive Officer_____


**INSCAP MANAGEMENT, LLC,**
as Lender

By: _____
Name: _____
Title: _____

[Signature page to Loan Agreement]

NY 71391948

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed and delivered as of the date first set forth above.

LIFE ASSET GROUP, LLC,
as a Borrower

By: _____
Name: _____
Title: _____

INSCAP MANAGEMENT, LLC,
as Lender

By: _____
Name: Harish Raghavan
Title: Chief Executive Officer

NY 71391948                    [Signature page to Loan Agreement]

<u>EXHIBIT A</u>

<u>FORM OF NOTICE OF BORROWING</u>

May 2, 2008

InsCap Management, LLC,
   as Lender under
   to the Loan Agreement
   referred to below
230 Park Avenue, 21st Floor
New York, New York 10169 ·

Attention: Bal Das

Ladies and Gentlemen:

     The undersigned, LIFE ASSET GROUP, LLC, a Delaware limited liability company (the "<u>Borrower</u>"), refers to the Term Loan and Security Agreement, dated as of May 2, 2008 (as amended, modified, restated or otherwise supplemented from time to time, the "<u>Loan Agreement</u>," the terms defined therein being used herein as therein defined), between the Borrower and you, as the Lender, and hereby gives you notice, irrevocably, pursuant to <u>Section 2.1(b)</u> of the Loan Agreement, that the undersigned hereby requests a borrowing under the Loan Agreement, and in that connection sets forth below the information relating to such borrowing (the "<u>Proposed Borrowing</u>"):

     (i)    The Business Day of the Proposed Borrowing is May 2, 2008.

     (ii)    The aggregate principal amount of the Proposed Borrowing is $2,500,000.

     (iii)    The proceeds of the Proposed Borrowing should be disbursed to the persons named on <u>Annex A</u> attached hereto in accordance with the directions set forth under each person's name.

     (iv)    The undersigned hereby certifies, solely in his capacity as the Chief Executive Officer of the Borrower, that the following statements are true on the date hereof, and will be true on the date of the Proposed Borrowing:

     (A)    the representations and warranties contained in the Loan Agreement and in the other Loan Documents are and will be true and correct in all material respects, both before and after giving effect to the Proposed Borrowing and to the application of the proceeds thereof, as though made on such date, unless stated to relate to a specific earlier date, in which case such representations and warranties shall be true and correct in all material respects as of such earlier date; and

     (B)    no Default or Event of Default has occurred and is continuing, or would result from such Proposed Borrowing or from the application of the proceeds thereof.

IN WITNESS WHEREOF, I have executed this Notice of Borrowing as of the date first written above.

Very truly yours,

LIFE ASSET GROUP, LLC

By: _____
Name:
Title:

[Signature page to Notice of Borrowing]

## ANNEX A

The proceeds of the Proposed Borrowing should be disbursed in accordance with the following instructions:

1.  Life Asset Group,       The sum of $ 2,100,000.00
    LLC
                            By wire transfer to the following account:
                                ABA Number:        061000104
                                Account Number:    1000018569425

NY 71391979

## FORM OF NOTE

$2,500,000

May 2, 2008
New York, New York

**FOR VALUE RECEIVED, LIFE ASSET GROUP, LLC,** a Delaware limited liability company (the "Borrower"), **HEREBY UNCONDITIONALLY PROMISES TO PAY** to the order of **INSCAP MANAGEMENT, LLC** (the "Lender"), in lawful money of the United States of America in immediately available funds, to the account or office as may be designated by the Lender in accordance with the terms of the Loan Agreement, the lesser of (i) the principal sum of TWO MILLION FIVE HUNDRED DOLLARS ($2,500,000) or (ii) the aggregate unpaid principal amount of the Loan made by the Lender to the Borrower pursuant to the Loan Agreement (as defined below). The Borrower further promises to pay interest on the unpaid principal amount of such Loan in like money from the date hereof until paid on the dates and at the rates specified in Section 2.4 of the Loan Agreement.

This promissory note (the "Note") is the Note referred to in the Term Loan and Security Agreement, dated as of May 2, 2008 (as amended, modified, restated or otherwise supplemented from time to time, the "Loan Agreement"), by and between the Borrower and the Lender, and is entitled to all of the benefits and security of the Loan Agreement and the other Loan Documents. All of the terms, covenants and conditions of the Loan Agreement and the other Loan Documents are hereby made a part of this Note and are deemed incorporated herein in full. All capitalized terms used herein, unless otherwise specifically defined in this Note, shall have the meanings ascribed to them in the Loan Agreement.

The Lender shall be entitled to mark, from time to time, the grid attached hereto as Schedule A, to reflect any payment of the principal amount of the Loan and interest with respect thereto, which endorsement shall constitute prima facie evidence of the accuracy of the information endorsed; provided, that the failure by the Lender to so mark such grid shall not affect the Borrower's obligations hereunder to pay the Loan or interest thereon, which obligations shall remain in full force and effect and be fully binding on the Borrower.

The Loan Agreement, among other things, contains provisions for the acceleration of the maturity of the unpaid principal amount of this Note upon the occurrence of any Event of Default and without demand, notice or legal process of any kind, and also for prepayments on account of principal hereof prior to the maturity hereof upon the terms and conditions specified in the Loan Agreement. The Borrower hereby waives presentment for payment, demand, protest and notice of nonpayment of this Note.

**THIS NOTE SHALL BE CONSTRUED IN ACCORDANCE WITH, AND THIS NOTE AND ALL CLAIMS AND CAUSES OF ACTION ARISING OUT OF THE TRANSACTIONS CONTEMPLATED HEREBY SHALL BE GOVERNED BY, THE LAWS OF THE STATE OF NEW YORK WITHOUT REGARD TO CONFLICT OF LAW PRINCIPLES.**

IN WITNESS WHEREOF, the Borrower has caused this Note to be duly executed and delivered as of the date first above written.

**LIFE ASSET GROUP, LLC,**
a Delaware limited liability company, as Borrower

By: _____

       Name:

       Title:

[Signature page to Note]

## Schedule to Term Note

| Date | Amount of Loan | Amount of Principal Paid or Prepaid | Unpaid Principal Amount of Note | Notation Made By |
|------|----------------|-------------------------------------|--------------------------------|------------------|
|      |                |                                     |                                |                  |
|      |                |                                     |                                |                  |
|      |                |                                     |                                |                  |
|      |                |                                     |                                |                  |
|      |                |                                     |                                |                  |
|      |                |                                     |                                |                  |
|      |                |                                     |                                |                  |
|      |                |                                     |                                |                  |
|      |                |                                     |                                |                  |
|      |                |                                     |                                |                  |
|      |                |                                     |                                |                  |
|      |                |                                     |                                |                  |
|      |                |                                     |                                |                  |
|      |                |                                     |                                |                  |
|      |                |                                     |                                |                  |
|      |                |                                     |                                |                  |
|      |                |                                     |                                |                  |
|      |                |                                     |                                |                  |
|      |                |                                     |                                |                  |
|      |                |                                     |                                |                  |
|      |                |                                     |                                |                  |
|      |                |                                     |                                |                  |
|      |                |                                     |                                |                  |
|      |                |                                     |                                |                  |
|      |                |                                     |                                |                  |

EXHIBIT C

## FORM OF OFFICER'S CERTIFICATE

I, the undersigned, the Chief Executive Officer of Life Asset Group, LLC, a limited liability company organized and existing under the laws of the State of Delaware (the "Company"), do hereby certify on behalf of the Company that:

1.    This Certificate is furnished pursuant to Sections 3.1(b)(i), 3.1(g), 3.1(k) and 3.1(p) of that certain Term Loan and Security Agreement, dated as of May 2, 2008, by and between the Company and InsCap Management, LLC (the "Loan Agreement"). Unless otherwise defined herein, capitalized terms used in this Certificate shall have the meanings set forth in the Loan Agreement.

2.    The following named individuals are elected officers of the Company and each holds the office of the Company set forth opposite his or her name.  The signature written opposite the name and title of each such officer is his or her genuine signature.

| Name[1] | Office | Signature |
|---------|--------|-----------|
| Gary Brecka | Chief Executive Officer | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

3.    Attached hereto as Annex A is a certified copy of the Certificate of Formation of the Company as filed in the Office of the Secretary of State of Delaware on April 4, 2003, together with all amendments thereto adopted through the date hereof.

4.    Attached hereto as Annex B is a true and correct copy of the Operating Agreement of the Company, together with all amendments thereto, which were duly adopted and are in full force and effect on the date hereof.

5.    Attached hereto as Annex C is a true and correct copy of resolutions which were duly adopted on May 2, 2008 by written consent of the sole member and manager of the Company, and said resolutions have not been rescinded, amended or modified. Except as attached hereto as Annex C, no resolutions have been adopted by the sole member and manager of the Company which deal with the execution, delivery or performance of any of the Loan Documents to which the Company is party.

6.    Attached hereto as Annex D is a true and correct copy of the Employment Agreement entered into by the Company with the Guarantor, and such agreement is in full force and effect and the Company is not in breach or default of any of its obligations under such agreement.

---

[1]    Include name, office and signature of each officer who will sign any Loan Document, including the officer who will sign the certification at the end of this Certificate or related documentation.

7.    Attached hereto as <u>Annex E</u> are true and correct copies of all documents evidencing the Repurchase.

8.    On the date hereof, all federal income tax returns required to be filed by the Company have been timely filed and all Taxes upon the Company or its properties, assets, income, and franchises have been paid prior to delinquency, except such Taxes, if any, as are being contested in good faith and as to which adequate reserves have been established in accordance with GAAP.

9.    On the date hereof, the representations and warranties contained in the Loan Agreement and in the other Loan Documents are true and correct in all material respects with the same effect as though such representations and warranties had been made on the date hereof, both before and after giving effect to the incurrence of Loan on the date hereof and the application of the proceeds thereof, unless stated to relate to a specific earlier date, in which case such representations and warranties were true and correct in all material respects as of such earlier date.

10.    On the date hereof, no Default or Event of Default has occurred and is continuing or would result from the borrowing under the Loan Agreement to occur on the date hereof or from the application of the proceeds thereof.

11.    There is no proceeding for the dissolution or liquidation of the Company or threatening its existence.

NY 71396800v2

IN WITNESS WHEREOF, I have hereunto set my hand this 2nd day of May, 2008.

LIFE ASSET GROUP, LLC

By: _____
Name:_____
Title:_____

[Signature page to Officer's Certificate]

I, the undersigned, [GENERAL COUNSEL] of the Company, do hereby certify on behalf of the Company that:

1.     Gary Brecka is the duly elected and qualified Chief Executive Officer of the Company and the signature above is his genuine signature.

2.     The certifications made by Gary Brecka on behalf of the Company above are true and correct.

IN WITNESS WHEREOF, I have hereunto set my hand this ___ day of April, 2008.

LIFE ASSET GROUP, LLC

By: _____
Name:_____
Title:_____

[Signature page to Officer's Certificate]

**NONE**

**NONE**

**NONE**

**NONE**

## SCHEDULES TO TERM LOAN AND SECURITY AGREEMENT

Unless otherwise defined herein, capitalized terms used herein have the meanings set forth in the Term Loan and Security Agreement, dated as of May 2, 2008 (the "Agreement"), by and between Life Asset Group, LLC (the "Borrower"), and InsCap Management, LLC (the "Lender").

Schedule 1.1(a)

Repurchase Payments

| Member | Address/Wire Instructions | Cash Amount |
|---|---|---|
| Tom Clark | JPMorganChase<br>ABA 021000021<br>Credit to: Trust Industrial Bank<br>Acct #: 634341224<br>Further credit to:<br>Thomas Francis Clark IRA<br>Acct #: 060000082927 | $39,745.97 |
| Daniel Falk | Daniel G. Falk<br>ABA 052001633<br>003928197076<br>Bank of America<br>Silver Springs, MD | $16,991.95 |
| Sean Falk* | 1908 King Forest Trail<br>Mount Airy, MD 21771 | $16,991.95 |
| Darrell Hutcheson* | PO Box 7023<br>Garden City, GA 31408 | $39,274.32 |
| Jon Kidd* | Banyan Life<br>1800 Sunset Harbour Drive<br>Marina Suite 3<br>Miami Beach, FL 33139 | $177,935.70 |
| Judith C. Lewis Revocable Trust | Judith C. Lewis Revocable Trust<br>ABA 056001079<br>Acct #: 821370995 | $88,040.58 |
| Robert J. Lewis Revocable Trust | Robert J. Lewis Revocable Trust<br>ABA 252073018<br>Acct #: 1774100470 | $88,040.58 |
| Ed Pfursich | Bank of America<br>Edwin G. Pfursich III – ESP Enterprises<br>ABA 122101706<br>Acct #: 004658634918 | $39,745.97 |
| RJL Associates, Inc. | RJL Associates, Inc.<br>Tax Id: 540-088-3470<br>ABA 055002707<br>Acct #: 202125211 | $146,203.05 |
| Scott Royster | Bank of America<br>New York, NY<br>ABA Routing/Transit #:<br>026009593<br>Beneficiary Name: Scott R. Royster | $39,274.32 |

| | Beneficiary Account #: 0019 1335 5210 | |
|---|---|---|
| Tom Stoltenberg | 4512 Mohawk Ct. Green Bay, WI 54313 | $39,274.32 |
| Geoff Turner | 27286 St. Andrews Lane Easton, Maryland 21601 | $9,745.97 |
| Thomas Virkler | Thomas L. Virkler, Susan S. Virkler ABA Z61170931 Acct #: 0151550200 | $22,245.98 |
| Richard Ward | Richard E. Ward ABA 055003308 Acct #: 5152019612 | $261,997.39 |
| Estate of Pauline Wechsler* | c/o Andrew and Diane Philips 1752 Broadway San Francisco, CA 94109 | $79,491.95 |
| **Total** | | **$1,105,000.00** |

\* Member did not provide wire or check address instructions.

Schedule 1.1(b)

<u>Borrower Account</u>

Bank Name:  SunTrust Bank

Bank Address:  800 Lincoln Road Miami Beach, FL 33139

Routing Number: 061000104

Account Number: 10000-1856-9425

Account Type:  Business Checking Account

Schedule 1.1(c)

<u>Lender Account</u>

Such account as Lender may hereafter designate by notice to the Borrower.

Schedule 5.8

<u>Litigation</u>

None.

Schedule 5.13(a)

<u>Intellectual Property Rights</u>

<u>Borrower's Intellectual Property Rights</u>:

1) Domain Names:

    a) lifeassetgroup.biz

    b) lifeassetgroup.com

    c) lifeassetgroup.info

    d) lifeassetgroup.net

    e) lifeassetgroup.org

    f) lifeassetgroup.us

    g) lifeasset.bix

    h) lifeasset.com

    i) lifeasset.info

    j) lifeasset.net

    k) lifeasset.org

    l) lifeasset.us

2) Customer Relations Management (CRM) Platform – the customer software and database developed by the Company for use in tracking brokerage accounts for the Company.

Schedule 5.13(b)

Use of Name and Mark

None.

Schedule 5.13(c)

<u>Third Party IP Rights</u>

None.

Schedule 5.14

Environmental Condition

None.

Schedule 5.18

<u>Capitalization</u>[1]

| Member | Class A Membership Units | Percentage of Outstanding Class A Membership Interest | Class B Membership Units | Percentage of Outstanding Class B Membership Interest |
|---|---|---|---|---|
| Gary E. Brecka | 52.66 | 100% | 5.54 | 100% |

---

[1] After giving effect to the Repurchase to occur on the Closing Date.

NY 71400257

Schedule 5.21

<u>Legal Names; Type of Organization; Jurisdiction of Organization</u>

<u>Borrower Information</u>:

Legal Name:  Life Asset Group, LLC

Type of Organization: Limited Liability Company

Is Borrower a registered organization? Yes, registered as a limited liability company in the State of Delaware.

Jurisdiction of Organization: Delaware

Organizational Identification Number: 36-44634

Address of Chief Executive Office: 601 Brickell Key Drive, Suite 511 Miami, FL 33131

Schedule 5.22

<u>Deposit Accounts and Securities Account</u>

| Type of Account | Name of Bank | Address | Account Number |
|---|---|---|---|
| Deposit | SunTrust Bank | 800 Lincoln Road Miami Beach, FL 33139 | 10000-1856-9425 |
| Deposit | SunTrust Bank | 800 Lincoln Road Miami Beach, FL 33139 | 10000-1857-1793 |
| Deposit | SunTrust Bank | 800 Lincoln Road Miami Beach, FL 33139 | 10000-2555-0129 |

Schedule 5.23

Commercial Tort Claims

None.

Schedule 5.24

<u>Debt</u>

None.

Schedule 7.1(b)

<u>Liens</u>

None.

Schedule 5.8

<u>Litigation</u>

None.

COMPLAINT EXHIBIT "2"

## NOTICE OF BORROWING

May 2, 2008

InsCap Management, LLC,
   as Lender under
   to the Loan Agreement
   referred to below
230 Park Avenue, 21st Floor
New York, New York 10169

Attention: Bal Das

Ladies and Gentlemen:

      The undersigned, LIFE ASSET GROUP, LLC, a Delaware limited liability company (the "Borrower"), refers to the Term Loan and Security Agreement, dated as of May 2, 2008 (as amended, modified, restated or otherwise supplemented from time to time, the "Loan Agreement," the terms defined therein being used herein as therein defined), between the Borrower and you, as the Lender, and hereby gives you notice, irrevocably, pursuant to Section 2.1(b) of the Loan Agreement, that the undersigned hereby requests a borrowing under the Loan Agreement, and in that connection sets forth below the information relating to such borrowing (the "Proposed Borrowing"):

      (i)    The Business Day of the Proposed Borrowing is May 2, 2008.

      (ii)    The aggregate principal amount of the Proposed Borrowing is $2,500,000.

      (iii)    The proceeds of the Proposed Borrowing should be disbursed to the persons named on Annex A attached hereto in accordance with the directions set forth under each person's name.

      (iv)    The undersigned hereby certifies, solely in his capacity as the Chief Executive Officer of the Borrower, that the following statements are true on the date hereof, and will be true on the date of the Proposed Borrowing:

      (A)    the representations and warranties contained in the Loan Agreement and in the other Loan Documents are and will be true and correct in all material respects, both before and after giving effect to the Proposed Borrowing and to the application of the proceeds thereof, as though made on such date, unless stated to relate to a specific earlier date, in which case such representations and warranties shall be true and correct in all material respects as of such earlier date; and

      (B)    no Default or Event of Default has occurred and is continuing, or would result from such Proposed Borrowing or from the application of the proceeds thereof.

NY 71404971

IN WITNESS WHEREOF, I have executed this Notice of Borrowing as of the date first written above.

Very truly yours,

LIFE ASSET GROUP, LLC

By:

Name:   Gary Brecka

Title:    Chief Executive Officer

NY 71404971          [Signature page to Notice of Borrowing]

## ANNEX A

Information regarding the disbursement of proceeds of the Proposed Borrowing is on file with the Lender.

COMPLAINT EXHIBIT "3"



## NOTE

$2,500,000

May 2, 2008
New York, New York

FOR VALUE RECEIVED, LIFE ASSET GROUP, LLC, a Delaware limited liability company (the "Borrower"), HEREBY UNCONDITIONALLY PROMISES TO PAY to the order of INSCAP MANAGEMENT, LLC (the "Lender"), in lawful money of the United States of America in immediately available funds, to the account or office as may be designated by the Lender in accordance with the terms of the Loan Agreement, the lesser of (i) the principal sum of TWO MILLION FIVE HUNDRED DOLLARS ($2,500,000) or (ii) the aggregate unpaid principal amount of the Loan made by the Lender to the Borrower pursuant to the Loan Agreement (as defined below). The Borrower further promises to pay interest on the unpaid principal amount of such Loan in like money from the date hereof until paid on the dates and at the rates specified in Section 2.4 of the Loan Agreement.

This promissory note (the "Note") is the Note referred to in the Term Loan and Security Agreement, dated as of May 2, 2008 (as amended, modified, restated or otherwise supplemented from time to time, the "Loan Agreement"), by and between the Borrower and the Lender, and is entitled to all of the benefits and security of the Loan Agreement and the other Loan Documents. All of the terms, covenants and conditions of the Loan Agreement and the other Loan Documents are hereby made a part of this Note and are deemed incorporated herein in full. All capitalized terms used herein, unless otherwise specifically defined in this Note, shall have the meanings ascribed to them in the Loan Agreement.

The Lender shall be entitled to mark, from time to time, the grid attached hereto as Schedule A, to reflect any payment of the principal amount of the Loan and interest with respect thereto, which endorsement shall constitute prima facie evidence of the accuracy of the information endorsed; provided, that the failure by the Lender to so mark such grid shall not affect the Borrower's obligations hereunder to pay the Loan or interest thereon, which obligations shall remain in full force and effect and be fully binding on the Borrower.

The Loan Agreement, among other things, contains provisions for the acceleration of the maturity of the unpaid principal amount of this Note upon the occurrence of any Event of Default and without demand, notice or legal process of any kind, and also for prepayments on account of principal hereof prior to the maturity hereof upon the terms and conditions specified in the Loan Agreement. The Borrower hereby waives presentment for payment, demand, protest and notice of nonpayment of this Note.

THIS NOTE SHALL BE CONSTRUED IN ACCORDANCE WITH, AND THIS NOTE AND ALL CLAIMS AND CAUSES OF ACTION ARISING OUT OF THE TRANSACTIONS CONTEMPLATED HEREBY SHALL BE GOVERNED BY, THE LAWS OF THE STATE OF NEW YORK WITHOUT REGARD TO CONFLICT OF LAW PRINCIPLES.

NY 71404963



IN WITNESS WHEREOF, the Borrower has caused this Note to be duly executed and delivered as of the date first above written.

**LIFE ASSET GROUP, LLC,**
a Delaware limited liability company, as Borrower

By: _____

Name: Gary Brecka
Title:   Chief Executive Officer

[Signature page to Note]

NY 71404963

### Schedule to Term Note

| Date | Amount of Loan | Amount of Principal Paid or Prepaid | Unpaid Principal Amount of Note | Notation Made By |
|------|----------------|-------------------------------------|---------------------------------|------------------|
|      |                |                                     |                                 |                  |
|      |                |                                     |                                 |                  |
|      |                |                                     |                                 |                  |
|      |                |                                     |                                 |                  |
|      |                |                                     |                                 |                  |
|      |                |                                     |                                 |                  |
|      |                |                                     |                                 |                  |
|      |                |                                     |                                 |                  |
|      |                |                                     |                                 |                  |
|      |                |                                     |                                 |                  |
|      |                |                                     |                                 |                  |
|      |                |                                     |                                 |                  |
|      |                |                                     |                                 |                  |
|      |                |                                     |                                 |                  |
|      |                |                                     |                                 |                  |
|      |                |                                     |                                 |                  |
|      |                |                                     |                                 |                  |
|      |                |                                     |                                 |                  |
|      |                |                                     |                                 |                  |
|      |                |                                     |                                 |                  |

NY 71404963