UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONCORD CAPITAL MANAGEMENT, LLC f/k/a InsCap Management, LLC<br><br>Plaintiff,<br>v.<br><br>GARY BRECKA,<br><br>Defendant. | Case No. 11 Civ. 5545 (DLC)<br>ECF Case<br><br>DECLARATION OF ALISON ARDEN BESUNDER, ESQ. IN SUPPORT OF MOTION TO SET ASIDE AND VACATE DEFAULT JUDGMENT PURSUANT TO RULES 55 AND 60 |

ALISON ARDEN BESUNDER, ESQ., sworn, declares as follows:

1. I am an attorney at law duly admitted to practice in the State of New York and the United States District Court for the Southern District of New York. I submit this Declaration in Support of Defendant's Motion for an Order pursuant to Fed. R. Civ. Pro. 55(c) and 60(b) to set aside and vacate a default judgment (the "Motion") and to set forth certain procedural facts before the Court.

2. On August 10, 2011, the Plaintiff, CONCORD CAPITAL MANAGEMENT, LLC ("Concord") filed a complaint against Brecka in this action captioned CONCORD CAPITAL MANAGEMENT, LLC f/k/a InsCap Management, LLC, Plaintiff, v. GARY BRECKA, Defendant, Case No. 11 Civ. 5545 (DLC)) (the "Federal Action"). The Federal Action purports to enforce a personal guarantee by Brecka on a transaction between Concord and another entity called Life Asset Group LLC ("LAG").

3. Prior to commencing the Federal Action on September 14, 2010, Concord commenced an action in New York Supreme Court captioned Concord Capital Management, LLC et al. v. Fifth Third Bank, et al., Index No. 650478/2010 (the "NY Action"). A copy of the Complaint and Amended Summons in the NY Action is attached as Exhibit A.

4. Concord brought the NY Action against its lender, Fifth Third Bank ("Fifth Third"), Bank of America, and its former director Ira Brody ("Brody") for (as described in Concord's Amended Summons) "breach of fiduciary duty, aiding and abetting breach of fiduciary duty, conversion, breach of contract, gross negligence, and breach of the implied covenant of good faith and fair dealing arising from the collapse of [Concord] due to defendants' tortious conduct and breaches of contract in connection with a credit facility known as "Ultra." Concord did not name Brecka in the NY Action.

5. Although the facts underlying the Federal Action could presumably have been asserted in the NY Action, or a separately pending action commenced by Fifth Third against Concord, Brody, and others in Illinois (the "Illinois Action"), Concord failed to disclose the pendency of its NY Action (or the Illinois Action) in its Federal Action.

6. The New York Court, by the Honorable Shirley Warner Kornreich, dismissed Concord's claims against Fifth Third and Bank of America on the grounds of *in pari delicto* – that Concord admitted to the very wrongdoing that it accused Bank of America and Fifth Third of doing. A copy of Judge Kornreich's Decision and Order dated December 1, 2011 is attached hereto as Exhibit B.

WHEREFORE, Defendant Brecka respectfully requests that the Court grant Brecka's Motion in its entirety, and set aside and vacate the Default Judgment, together with such other and further legal and equitable relief as the Court deems just, proper and necessary.

Dated: October 19, 2012
       New York, New York

*/s/ Alison Arden Besunder*
ALISON ARDEN BESUNDER
235 Park Avenue South, 3rd Floor
New York, New York 10003
(212) 584-1139
alison@besunderlaw.com
Attorney for Defendant Gary Brecka