UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONCORD CAPITAL MANAGEMENT, LLC<br>f/k/a InsCap Management, LLC<br><br>            Plaintiff,<br>    v.<br><br>GARY BRECKA,<br><br>            Defendant. | ECF CASE<br>Case No. 11 Civ. 5545 (DLC)<br><br>**AFFIDAVIT OF IRA BRODY** |

IRA L. BRODY, sworn, states as follows:

1. I was previously the Chief Financial Officer of Concord Capital Management LLC ("Concord"), the Plaintiff in the above-captioned action, until December 2008. I am familiar with the facts set forth in this Declaration and I submit this Declaration based on personal knowledge, including knowledge gained through documents reviewed while employed at Concord, in support of the motion of Gary Brecka ("Brecka") to vacate and set aside the default judgment in the above-referenced action.

2. Concord's Action alleges that Concord made a $2.5 million loan to Life Asset Group, LLC ("LAG"), which was later increased to $2.8 million, pursuant to a Term Loan and Security Agreement dated May 2, 2008 (the "LAG Transaction"). Concord's Action further alleges that Brecka, LAG's Chief Executive Officer, executed a promissory note on behalf of LAG and a personal guarantee of repayment up to $750,000.

3. Concord borrowed the funds given to LAG from Fifth Third. The Fifth Third funds were used to fund the LAG Transaction.

4. The LAG Transaction contemplated "repayment" to Concord out of a facility (the "HSH" facility) that Concord said it would create and would allow LAG to administer.

5. Concord never established the HSH facility.

6. Due the fact that Concord never established the HSH facility to which LAG would "earn" the money to repay the LAG Transaction, and the fact that Mr. Brecka was by then working for Concord and earning money for Concord in other ways, Concord's representatives and Brecka agreed that Concord would release Brecka from the personal guarantee once Concord's liability to Fifth Third was satisfied.

7. It was agreed that once Concord satisfied its own obligation, Concord representatives said would be sufficient to release Brecka from the guarantee. Thus, no balance would be due or owing on Brecka's guarantee.

8. Prior to my departure from Concord, Harish Raghavan (the then-CEO) directed me to have a release drafted to Brecka from Concord of the personal guarantee at the end of 2008, prior to the due date of the LAG Transaction, once this obligation of Concord was satisfied. However, I left Concord's employ before I had the opportunity to it see done. I did direct legal department to draft the release around the time of my departure.

Executed at QU this 21st day of November, 2012.

_____
IRA L. BRODY

Sworn to before me this
31st day of November, 2012

_____
Notary Public

DAVID N. PARKS
Notary Public, State of New York
No. 01PA6056610
Qualified in Westchester County
Commission Expires March 26, 2015